## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**TERRIE L. GRISSOM**                                                                                    **PLAINTIFF**

**V.**                                             **NO. 3:19CV00216 KGB/PSH**

**ANDREW SAUL, COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION[1]**                                        **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Terrie L. Grissom, applied for disability benefits on January 3, 2017, alleging disability beginning on December 16, 2016. (Tr. at 471). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Grissom's claim. (Tr. at 479). The

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Grissom has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II.  The Commissioner's Decision:

The ALJ found that Ms. Grissom had not engaged in substantial gainful activity since the alleged onset date of December 16, 2016. (Tr. at 473). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Grissom had the following severe impairments: ischemic heart disease, chronic liver disease/cirrhosis, cancer of the small intestine, and diabetes mellitus. *Id.*

The ALJ found that Ms. Grissom's impairment did not meet or equal a listed impairment. (Tr. at 474). Before proceeding to Step Four, the ALJ determined that Ms. Grissom had the residual functional capacity ("RFC") to perform the full range of work at the sedentary level. (Tr. at 475).

Based on testimony from a Vocational Expert ("VE"), the ALJ determined that Ms. Grissom was able to return to her past work as an administrative assistant. (Tr. at 478). Therefore, the ALJ found that Ms. Grissom was not disabled. *Id.*

## III.  Discussion:

A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's

decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Ms. Grissom's Arguments on Appeal

Ms. Grissom contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ erred at Step Two in the

impairment severity determination, and she makes an undeveloped Step Five argument.[2] After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Grissom suffered from cirrhosis, although at the time of the hearing she was not taking medication to treat the condition. (Tr. at 495). *See Smith v. Shalala*, 987 F.2d 1371, 1374-75 (8th Cir. 1993)(failure to treat condition supports finding that claimant was not disabled). She did not require aggressive treatment or see a specialist on a regular basis. Her condition was ruled stable as of August 29, 2018. (Tr. at 307).

She also suffered from coronary artery disease, but multiple cardiological examinations were normal, as was a stress echocardiogram. (Tr. at 231, 256, 498, 1279). A carotid ultrasound revealed mild to moderate conditions. (Tr. at 215). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). She said Plavix helped with symptoms. (Tr. at 498). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Again, she did not require aggressive

---

[2] It should be noted that the ALJ found Ms. Grissom could return to past relevant work at Step Four, so she did not even proceed to Step Five, nor was she required to.

intervention. (Tr. at 443).

Ms. Grissom also had intestinal cancer which let to bleeding. Intravenous iron helped. (Tr. at 217). She saw her oncologist only once every six months. (Tr. at 499). She said her condition was stable. *Id.*

Finally, she complained of diabetic neuropathy. However, her diabetes was well-controlled. (Tr. at 267). She had normal extremity examinations in May 2017 and March 2018. (Tr. at 1196, 1279). She did not require aggressive treatment, and was noted to walk without distress. (Tr. at 991). There was no swelling, redness, or pain in her legs in March 2017. *Id.*

Ms. Grissom was able to do things like prepare meals, do household chores, shop in stores, drive, and go to church. Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)

Ms. Grissom argues that the ALJ should have found both cirrhosis and neuropathy to be disabling. She claims neuropathy should have been ruled a severe impairment. However, neither condition required aggressive treatment, specialists, or surgery. And the ALJ did find cirrhosis to be a severe impairment. Once the ALJ proceeds past Step Two, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as whole is the basis for the determinations at Steps Three and Four. See 20 C.F.R. §§ 404.1545(e), 416.945(e); Social Security

Ruling 96-8p, 1996 WL 374184 (the ALJ will consider all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity). Finally, a diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

Ms. Grissom also argues that her impairments prevented her from doing sedentary work. However, she was able to perform daily activities that required as much or more physical exertion than the sedentary work of an administrative assistant. And even though the state-agency experts found her capable of light work, the ALJ gave weight to Ms. Grissom's subjective complaints and limited her to sedentary work. (Tr. at 515, 530). Treatment was conservative and effective, and Ms. Grissom's conditions were generally stable. She has not demonstrated that she is disabled.

## VI. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision that Ms. Grissom was not disabled. The ALJ properly considered all impairments, gave appropriate weight to the medical opinions, and properly analyzed Ms. Grissom's subjective complaints. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 24th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE