IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TERRIE L. GRISSOM**                                                                              **PLAINTIFF**

v.                                     Case No. 3:19-cv-00216-KGB

**ANDREW SAUL, Commissioner,**
**Social Security Administration**[1]                                                     **DEFENDANT**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 12). Plaintiff Terrie L. Grissom filed an objection to the Recommended Disposition (Dkt. No. 13). After careful review of the Recommended Disposition and Ms. Grissom's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 12).

**I.      Background**

Ms. Grissom applied for disability benefits on January 3, 2017, alleging a disability beginning on December 16, 2016 (Dkt. No. 12, at 1). Ms. Grissom's application was denied initially and upon reconsideration (*Id.*). After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Grissom's claim (*Id.*). The ALJ found that Ms. Grissom had not engaged in substantial gainful activity since December 16, 2016, the alleged onset date of her disability (*Id.*, at 2). The ALJ found that Ms. Grissom had the following severe impairments: ischemic heart disease, chronic liver disease/cirrhosis, cancer of the small intestine, and diabetes mellitus (*Id.*). The ALJ found that Ms. Grissom's impairment did not meet or equal a listed impairment and

---

[1] On June 6, 2019, the United States Senate confirmed Andrew Saul's nomination to lead the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Saul is automatically substituted as defendant.

determined that Ms. Grissom had the residual functional capacity ("RFC") to perform the full range of work at the sedentary level (*Id.*). Based on testimony from a vocational expert ("VE"), the ALJ determined that Ms. Grissom was able to return to her past work as an administrative assistant and found that Ms. Grissom was not disabled (*Id.*). The Appeals Council denied Ms. Grissom's request for review, and Ms. Grissom requested judicial review of the ALJ's decision (*Id.*). Judge Harris reviewed the ALJ's decision, the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing (*Id.*, at 3).

On appeal, Ms. Grissom contended that substantial evidence did not support the ALJ's decision to deny benefits and made arguments regarding the ALJ's sequential five-step analysis for determining disability (*Id.*, at 3-4). Judge Harris determined that there is substantial evidence to support the ALJ's determination that Ms. Grissom is not disabled, that all impairments were properly considered, that appropriate weight was given to the medical opinions, and that Ms. Grissom's subjective complaints were properly analyzed (*Id.*, at 6). After careful review of the Recommended Disposition and Ms. Grissom's objections, as well as a *de novo* review of the record, the Court concurs.

**II.     Objections**

The Court writes separately to address Ms. Grissom's objections (Dkt. No. 13). Ms. Grissom "maintain[s] that there is not substantial evidence to affirm the [ALJ]'s decision" and that her non-alcoholic cirrhosis of the liver, coronary artery disease, carcinoid cancer of her lower intestines, and diabetes with neuropathy "prohibit her from working even at the sedentary level" (*Id.*, at 2). More specifically, Ms. Grissom raises two objections.

First, Ms. Grissom objects to Judge Harris's conclusion that she did not take medication for her cirrhosis of the liver and that the condition did not require aggressive treatment; Ms.

Grissom asserts that she takes Nexium for this condition and receives iron infusions every six months (*Id.*, at 1). Ms. Grissom maintains that her medication and iron infusions represent significant treatment for this disease and that the side effects from the iron infusions cause anemia and chronic fatigue (*Id.*). Relying on the transcript from the hearing before the ALJ, Judge Harris found that "at the time of the hearing [Ms. Grissom] was not taking medication to treat" her cirrhosis, that she "did not require aggressive treatment or see a specialist on a regular basis," and that "[h]er condition was ruled stable as of August 29, 2018" (Dkt. No. 12, at 4).

It is not clear to the Court whether Ms. Grissom objects that these findings were incorrect at the time or whether Ms. Grissom began taking her medication and receiving iron infusions subsequent to the hearing before the ALJ. If Ms. Grissom's objection is that she began taking Nexium and receiving iron infusions subsequent to the hearing before the ALJ, then this objection has no effect on the ALJ's determination or Judge Harris's Recommended Disposition. If Ms. Grissom's objection is that the ALJ and Judge Harris failed to account for her medication or iron infusions at the time of their respective determinations, Judge Harris noted that the ALJ found that Ms. Grissom's chronic liver disease/cirrhosis constituted a "severe impairment" (*Id.*, at 2). Thus, both the ALJ and Judge Harris considered the extent of Ms. Grissom's liver condition. Further, as Judge Harris observed, "[i]mpairments that are controllable or amenable to treatment do not support a finding of total disability" (*Id.*, at 4 (citing *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000)). The Court remains convinced, based on its *de novo* review, that there is substantial evidence to support the ALJ's determination that Ms. Grissom is not disabled. Accordingly, the Court overrules this objection.

Second, Ms. Grissom objects to Judge Harris's finding that Ms. Grissom's "daily activities undermine her claims of disability" (Dkt. Nos. 12, at 5; 13, at 1). Ms. Grissom concedes that she

3

can drive, help prepare meals, do some household chores, and go to church on a daily basis (Dkt. No. 13, at 1).  However, Ms. Grissom asserts that she testified at her hearing that she constantly has to take breaks, lie down, and rest (*Id.*, at 1-2).  Additionally, Ms. Grissom asserts that she gets more and more fatigued and struggles doing any of these daily functions as she gets closer to her six-month iron infusions (*Id.*, at 2).  In her Recommended Disposition, Judge Harris noted that "Ms. Grissom was able to do things like prepare meals, do household chores, shop in stores, drive, and go to church," and Judge Harris stated that "[s]uch daily activities undermine her claims of disability" (Dkt. No. 12, at 5).  *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).  Under binding circuit precedent, ALJs and courts must consider a plaintiff's daily activity when evaluating subjective complaints of pain.  *See Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003); *Shannon*, 54 F.3d at 487; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  The Court is not convinced that the ALJ or Judge Harris improperly assessed Ms. Grissom's ability to perform daily tasks based on its *de novo* review.  The Court remains convinced, based on its *de novo* review, that there is substantial evidence to support the ALJ's determination that Ms. Grissom is not disabled.  Accordingly, the Court overrules this objection.

Having considered these objections and the record evidence before the Court, the Court concurs with Judge Harris that there is substantial evidence to support the Commissioner's decision that Ms. Grissom was not disabled, that the decision of the ALJ should be affirmed, and that this case should be dismissed with prejudice (Dkt. No. 12, at 6).  In so finding, the Court overrules Ms. Grissom's objections (Dkt. No. 13).

### III.    Conclusion

For the above reasons, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 12).  The Court overrules Ms. Grissom's objections (Dkt. No. 13).  Ms.

Grissom's complaint is dismissed with prejudice (Dkt. No. 2). Judgment will be entered accordingly.

It is so ordered this 13th day of October, 2020.

_____
Kristine G. Baker
United States District Judge